UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-8462-WM

UNITED STATES OF AMERICA,

v.

KENNETH CHATMAN,

    Defendant.
_____ /

FILED by ____ D.C.

DEC 2 7 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA - W.P.B.

## PRETRIAL DETENTION ORDER

The Court, pursuant to 18 U.S.C. § 3142, commonly known as the Bail Reform Act of 1984, hereby ORDERS the Defendant, KENNETH CHATMAN, detained pursuant to the provisions of Sections (b), (e), and (f).

The Government moved for pretrial detention of Defendant on the basis that he is a serious risk of flight or nonappearance and a danger to the community. The Government also moved for pretrial detention of Defendant under 18 U.S.C. § 1342(f)(2)(B), arguing that there is a serious risk that Defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror if he is released.

After conducting a detention hearing in this case on December 22, 2016, the Court orders that Defendant be detained and finds that no condition or combination of conditions will reasonably assure the appearance of Defendant or the safety of the community as required. The Court also finds that there is a serious risk that Defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a

prospective witness or juror if he is released. The Court makes the following findings of fact with respect to this order for detention:

Factors:

**a)    The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.**

Defendant is charged by Criminal Complaint with conspiracy to commit healthcare fraud, in violation of 18 U.S.C. § 1349, and making false statements related to healthcare matters, in violation of 18 U.S.C. § 1035. If convicted of the conspiracy charge, Defendant faces up to 10 years in prison, up to three years of supervised release, and up to a $250,000 fine. If convicted of the false statements charge, Defendant faces up to five years in prison, up to three years of supervised release, and up to a $250,000 fine.

The Government argues that the statutory rebuttable presumption in 18 U.S.C. § 3142(e)(2) applies in this case since there is probable cause that Defendant committed an offense listed in 18 U.S.C. § 3142(e)(3)(A). The Court finds that, while the rebuttable presumption most likely does apply, the Government has met its burden for detaining Defendant even without the application of the rebuttable presumption.

**b)    The weight of the evidence against the Defendant.**

The evidence against Defendant is substantial. The Court takes judicial notice of the information contained in the Criminal Complaint. The Government set forth the following evidence by proffer and through the testimony of Detective Scott Utecht of the Florida Department of Financial Services, Division of Insurance Fraud.

Defendant was involved in a healthcare scheme in which he provided kickbacks to sober home owners in exchange for patient referrals for his facilities, Journey to Recovery LLC and Reflections Treatment Center, LLC, so that he could bill the patients' insurance. Defendant

also got kickbacks from lab personnel when he sent out urine samples to the labs for urinalysis of the patients. Defendant obtained urine samples from employees or from the incorrect patients so that he could keep providing drugs to patients and they would not test positive. Ultimately, Defendant prioritized his own greed over actually helping the patients recover. He even marketed his facilities as places where people could continue to use drugs as long as Defendant was able to keep billing their health insurance. All of this led to fatal and non-fatal overdoses of the patients after they relapsed.

Defendant has a felony conviction, so he is unable to obtain a license for a substance abuse facility. Knowing that, he listed his wife as the owner of Reflections to obtain licensing. However, Defendant initially reported to Pretrial Services that he was the owner and founder of Reflections. Defendant later reported to Pretrial Services that he was the partial owner of Reflections, and all witnesses interviewed in the case have said that Defendant was the owner and sole decision-maker at Reflections. For example, the clinical director of Reflections would recommend that certain patients be transferred to detox, and Defendant would overrule the decisions so that he could continue to make money off the patients.

Some of Defendant's alleged victims and former employees have been interviewed. They told law enforcement that Defendant forced some female patients who lived at a female-only residence to engage in prostitution in exchange for free rent and other perks. One alleged victim explained that the residence had nailed-down windows and that she had to break the window out to escape. When law enforcement conducted a search of the property, they confirmed the allegations and could see where the window had been broken. When Defendant's home was searched pursuant to a search warrant, law enforcement found receipts for padlocks and pepper spray.

There are also allegations from witnesses that Defendant owned an assault rifle, that he provided a firearm to the individual who drove the girls to their "dates", and that Defendant possessed a firearm at the treatment center. Defendant is not permitted to possess firearms as he is a convicted felon.

One former patient stated that, after she left Defendant's facility and filed a police report accusing Defendant of committing criminal acts against her, she accidentally ended up at a sober home that had a relationship with Defendant and then, ultimately, ended up at Reflections. Defendant then had employees take the alleged victim away in a van and force her to sign a notarized affidavit recanting her allegations to police. The alleged victim was told that Defendant would kill her if she did not sign the statement. The affidavit was found in a safe at Defendant's office during law enforcement's search of the property.

Defendant took away patients' prescription drugs as punishment. When law enforcement searched one of his vehicles, they found loose pills package in baggies with different patients' names on them, as well as prescription bottles with different names on them. Defendant also took patients' food stamp cards, cell phones, and ID's to prevent them from leaving. Law enforcement found more than 40 cell phones and a purse containing an ID and a food stamp card during their search. Former patients have alleged that Defendant physically injured patients and gave them drugs.

There are recordings of Defendant and sober home owners regarding kickback arrangements. Additionally, when Defendant's residence was searched, law enforcement found money wrappers. Finally, witnesses have reported seeking Defendant with bags of over $100,000 in cash that he received as kickbacks.

### c) The history and characteristics of the Defendant.

The Court takes judicial notice of the Pretrial Services Report and the Government's proffer. Defendant was born in 1970 in Brooklyn, New York. He finished the eleventh grade in New York. Defendant has lived in the Southern District of Florida for the last nine years and has lived at the same home in Boynton Beach, Florida, since September 2015. He is associated with 33 different addresses, the majority of which are located in the Southern District of Florida. Defendant has been married for 18 years. His wife is a co-defendant in this case. They have four children, the oldest of which worked at one of Defendant's facilities as an intake coordinator. Defendant's parents reside in New York, and his siblings reside in New York and Georgia.

Defendant is part owner of Reflections Treatment Center, LLC. He told Pretrial Services that he earns approximately $100,000 and has operated the business for the last two years. Defendant's primary residence is worth approximately $1,000,000, he and his wife owe approximately $500,000 on the residence, and they pay $5,000 per month towards the mortgage. Defendant owns a second home in Boynton Beach, Florida, that is worth approximately $400,000 and is unencumbered. Defendant and his wife own three vehicles—two Mercedes and a BMW—and make total monthly car payments of approximately $1,300. Defendant also has a joint bank account with his wife that contains approximately $250,000.

Defendant has a United States passport. He traveled to Mexico about a month ago for a family wedding and has been on several cruises to the Bahamas. Defendant's recent international trips have generally been short in duration.

### d) The criminal history of the Defendant.

In 2007, Defendant was convicted in New Jersey of hindering apprehension by false

information after he gave law enforcement a false date of birth. On March 27, 2008, a bench warrant was issued for Defendant's failure to pay a fine. In 2009, Defendant was convicted of possession of device making equipment in the Southern District of Florida. The pending charges against Defendant are alleged to have started approximately nine months after Defendant completed his term of federal supervised release in this district.

e) **The likelihood of the Defendant's appearance in court if released.**

The Court finds that there is a serious risk that Defendant will flee or fail to appear in court if released. In light of the nature and the circumstances of the offense charged, including allegations of violence, Defendant's possession of firearms, and drug-related crimes, the substantial weight of the evidence against Defendant, the substantial prison term Defendant faces if convicted, Defendant's unexplained income and assets, his suspicious international travel pattern, his past federal criminal conviction which was based on fraud just like the alleged instant offenses, his past conviction for hindering apprehension which was based on making a false statement to law enforcement, the fact that he hides his ownership of drug abuse facilities behind straw owners, his future lack of income and employment as his facilities will likely be shut down, and the fact that a bench warrant has been issued for Defendant in the past, the Court finds that the Government has shown by a preponderance of the evidence that Defendant is a serious flight risk or nonappearance.

f) **The nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release.**

The Court also finds that there is no condition or combination of conditions of release which will reasonably assure the safety of the community if Defendant is released. In light of the Government's substantial evidence against Defendant, the seriousness of the charges against Defendant, the lengthy prison sentence Defendant is facing, the allegations that Defendant made

drug addicts worse and used them for fraudulent purposes, the evidence of drug use at Defendant's facilities, the allegation that Defendant forced women into prostitution, the allegations that Defendant made threats of violence, actually carried out physical violence, possessed firearms, and provided drugs to and took legitimate drugs from addicts, and the fact that witnesses stated that they were fearful of Defendant, the Court finds that the Government has shown by clear and convincing evidence that Defendant is a danger to the community.

   g) **The likelihood that Defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.**

The Court finds that, for the same factors listed in section (f) above, the Government has established that there is a serious risk that Defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror if released.

Accordingly, it is hereby **ORDERED** that Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The Court directs that Defendant be afforded reasonable opportunity for private consultation with counsel; and the Court directs that, on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding


**DONE and ORDERED** in open court at West Palm Beach, Palm Beach County, in the Southern District of Florida, on the 22nd day of December, 2016, and signed this 27th day of December, 2016.

*/s/ William Matthewman*
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE