UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-80013-Cr-Middlebrooks/Brannon

UNITED STATES OF AMERICA

vs.

KENNETH CHATMAN, et al.,

      Defendants.
_____/

## UNITED STATES' UNOPPOSED MOTION FOR PERMISSION TO PRODUCE RECORDS TO DEFENSE COUNSEL PURSUANT TO A PROTECTIVE ORDER

      The United States of America, by and through the undersigned Assistant United States Attorney, hereby moves the Court for a protective order.

      The defendants have requested entry of the Court's standing discovery order. With regard to the Indictment in this case, responding to that Order will require the production and review of evidence in the possession of the government which contains individually identifiable information disclosing medical and substance abuse treatment information about patients who are not parties to this proceeding. Further, the underlying substantive facts in this evidence may be material and necessary to the prosecution or defense of this proceeding.

      Much of this material relates to substance abuse treatment, which is further protected under 42 U.S.C. § 290dd-2 and 42 C.F.R. §§ 2.1, *et seq.* and was collected pursuant to an Order entered by Magistrate Judge Dave Lee Brannon in Case No. 16-8280-DLB. Judge Brannon's Order prohibits the government from disclosing unredacted patient records to persons who are not members of the investigative team. The investigative team attempted to redact patient identifying information, but it took an average of 4 hours per file to redact. There are more than 1700 patient

files involving nearly 1000 patients, making redaction of all patient identifying information within the Speedy Trial Period impossible. Furthermore, the identities of the patients may be relevant to the defendants' preparation of the matter for trial.

Accordingly, in order to protect the confidentiality of this information and to satisfy its obligations under the Standing Discovery Order and Fed. R. Crim. P. 16, the government asks the Court to enter the following protective order, with the consent of the defendants:

1. The government is authorized to produce discovery to the defendants in encrypted form, that is, counsel for the defendants shall provide 1 terabyte encrypted hard drives to counsel for the government, and FBI personnel shall load the electronic discovery onto the encrypted drives provided by defense counsel and return them. Items that are not available in electronic format have been and shall be made available for review at the offices of the FBI. If any of those documents later become available in electronic format, they shall be loaded onto defense counsels' encrypted hard drives.

2. Defense counsel shall maintain the encrypted drives in a locked room, locked file cabinet, or other secure area when not in use.

3. No copies of the encrypted drives may be made. If documents containing patient identifying information are printed from the encrypted drive, they shall be maintained in a locked room, locked file cabinet, or other secure area when not in use. If a party wishes to share an electronic copy of one of the documents or items on the encrypted drives containing patient identifying information, the copy must be encrypted and stored in a locked room, locked file cabinet, or other secure area when not in use. Documents and information that do not contain patient identifying information are not subject to the restrictions set forth in this paragraph.

4. Any individually identifiable medical information which is disclosed to the defendants in this proceeding shall be held in strictest confidence by defense counsel, and access to this material shall be restricted. Access to this information shall be permitted to defense counsel staff only to the extent necessary to prepare their client's defense. Such information may be further disclosed by defense counsel to their client and to expert witnesses hired by the defense who must review and agree to be bound by the terms of the Protective Order. Persons to whom any such information is disclosed on behalf of the defendant shall not further disclose or disseminate this information without further Order of the Court. Documents and information that do not contain patient identifying information are not subject to the restrictions set forth in this paragraph.

5. No individually identifiable medical information related to individuals who are not defendants or witnesses shall be entered in the record during trial, either through testimony or documents, or in motions in this proceeding, unless all practicable means of masking or redacting individual identifying information have been employed. If it is not practicable to mask individual identifiers during testimony, or to redact individual identifiers from exhibits or motions, then the party wishing to proffer such evidence will first seek approval from the Court to do so and shall file such motions and exhibits under seal.

6. At the conclusion of this proceeding, all individually identifiable medical information which was not entered in the record at trial through testimony or exhibits, and which is unnecessary to the maintenance of the record of the proceeding, shall be destroyed. Counsel for the parties may maintain the encrypted drives through the completion of any direct appeals. After that, the encrypted drives must be electronically "wiped" and counsel for the parties must

file a certification with the Court of their compliance with this process. Alternatively, counsel for the parties may return the encrypted drives to the FBI, who will dispose of them.

    7.    The FBI may maintain the evidence collected in the case in accordance with its 42 U.S.C. § 290dd-2 and other file retention and destruction protocols.

On February 13 and 15, 2017, the undersigned contacted counsel for the defendants to ascertain their position on this motion. Based upon discussion with counsel for defendant Mendez, modifications were made to the attached Protective Order. Counsel for the defendants state that they have no objection to the entry of the attached Protective Order.

Pursuant to 42 U.S.C. § 290dd-2, 42 C.F.R. § 2.66(b), and the Order entered by Magistrate Judge Brannon, notifications were sent to all patients whose substance abuse treatment records were collected. A sample of the patient notification letter that was sent is attached hereto. The letter advised patients that any objections needed to be filed with the Court by February 15, 2017. Of the approximately 968 patient notifications that were sent, 152 were returned as undeliverable. As of today's date, no patients or parties have filed any objections to Magistrate Judge Brannon's Order.

    Respectfully submitted,

    WIFREDO A. FERRER
    UNITED STATES ATTORNEY

By:    s/*A. Marie Villafaña*
    A. MARIE VILLAFAÑA
    Assistant United States Attorney
    Florida Bar No. 0018255
    500 South Australian Avenue, Suite 400
    West Palm Beach, FL 33401
    Telephone: 561 820-8711
    Facsimile: 561 820-8777
    ann.marie.c.villafana@usdoj.gov

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on February 15, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. According to the Court's website, counsel for all parties are able to receive notice via the CM/ECF system.

                                            *s/A. Marie Villafaña*
                                            A. MARIE VILLAFAÑA
                                            Assistant United States Attorney



**U.S. Department of Justice**

United States Attorney
Southern District of Florida

500 S. Australian Ave, Ste 400
West Palm Beach, FL 33401

February 1, 2017

▬▬▬▬▬▬▬▬

Re:   Investigation of Reflections Treatment Center, Journey to Recovery, Kenneth Chatman, and Related Entities

Dear ▬▬▬▬

  I write to notify you that medical and insurance records concerning your treatment at Reflections Treatment Center and/or Journey to Recovery have been collected as part of a criminal investigation. Prior to collecting those records, in accordance with federal law, an Order was obtained from a federal judge, United States Magistrate Judge Dave Lee Brannon.

  Judge Brannon's Order directed the members of the investigative team to maintain the records in strict confidence and forbade the investigative team from using the records to investigate or prosecute any patient. Copies of the applications and orders are enclosed herewith.

  Judge Brannon's Order provided that, if the investigation led to criminal charges against employees or agents of a substance abuse treatment program, then notice needed to be provided to the patients prior to producing discovery to the defendants in the case. As of today's date, seven people have been indicted by a federal grand jury with conspiracy to commit health care fraud and other offenses. Please note that an indictment is merely an allegation and that all charged individuals are presumed innocent unless and until proven guilty beyond a reasonable doubt in a court of law.

  Judge Brannon's Order further provided that, prior to the production of discovery, a Protective Order would have to be in place that would restrict the dissemination of private patient records. Before this occurs, you are allowed to file a motion with the Court seeking revocation or amendment of Judge Brannon's Order. Under Title 42 of the United States Code and Chapter 42 of the Code of Federal Regulations, any such motion must be limited to the presentation of evidence on the statutory and regulatory criteria for the issuance of Judge Brannon's Order.

  If you wish to file a motion, please send it to the Clerk's Office, United States District for the Southern District of Florida, 701 Clematis Street, West Palm Beach, Florida 334 01. Please also send a copy to me so that I can insure that it is properly filed with the Court. My address is: 500 S. Australian Avenue, Suite 400, West Palm Beach, FL 33401.

  Any motion should bear the following Caption at the top of the first page:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

COURT FILE NO. 16-8280-DLB

PATIENT NOTIFICATION PURSUANT TO TITLE 42
FEBRUARY 1, 2017
PAGE 2

IN RE:

APPLICATION FOR ORDER TO COLLECT,
DISCLOSE, AND USE MEDICAL RECORDS TO
INVESTIGATE REFLECTIONS TREATMENT
CENTER, INC., AND ITS EMPLOYEES AND
AGENTS
_____/

## MOTION TO REVOKE OR AMEND TITLE 42 DISCLOSURE ORDER

**If you wish to file a motion, you must do so not later than Wednesday, February 15, 2017.**

Please note that, regardless of whether you seek to revoke or amend Judge Brannon's Order, the U.S. Attorney's Office will file a Motion for Protective Order asking the Court to order counsel for the defendants to maintain your medical records in strictest confidence.

If you have any questions, or if you wish to receive notifications regarding the status of the criminal case, please contact FBI Victim-Witness Specialist Twiler Smith at Twiler.Smith@ic.fbi.gov or by calling 561-822-5114.

Sincerely,

Wifredo A. Ferrer
United States Attorney

By:   s/ *A. Marie Villafaña*
A. Marie Villafaña
Assistant United States Attorney

Enclosures
cc:   Ms. Twiler Smith, FBI (with enclosures)