**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 17-80013-Cr-Middlebrooks/Brannon**

**UNITED STATES OF AMERICA**

**vs.**

**KENNETH CHATMAN,**
**JOAQUIN MENDEZ,**
**DONALD WILLEMS, and**
**LAURA CHATMAN,**

       **Defendants.**
_____/

## THE PARTIES' JOINT STATUS REPORT
## AND JOINT SPEEDY TRIAL REPORT

The parties, by and through their respective counsel, hereby file this Joint Status Report in accordance with the Court's Order (DE 72).

A. All of the government's discovery was made available to counsel for the defendants at a discovery conference on February 6, 2017 at the office of the FBI.   Not all counsel attended the discovery conference.   This case involves large amounts of medical information, and more specifically, information related to substance abuse treatment. Accordingly, additional protections must be in place before it can be shared with counsel for the defendants.   The majority of the discovery is available in electronic format and will be provided to counsel for the defendants on encrypted hard drives in accordance with a Protective Order.   Items that are not available electronically (i.e., items that have not or cannot be scanned), will continue to be made available for inspection at the offices of the FBI.   If defense counsel elect to have any of that information scanned, it will be placed onto their encrypted hard drives in accordance

with the terms of the Protective Order.

No defendant has produced any reciprocal discovery as of today's date, although a demand for reciprocal discovery has been made.

B.  The government can be prepared for trial by the date set forth in the Court's Order Setting Jury trial (DE78, DE 83); however, the government does intend to supersede the Indictment to add charges and defendants.  The government intends to do that before the date of the calendar call.

Counsel for defendants Kenneth Chatman, Joaquin Mendez, Donald Willems, and Laura Chatman advise that, if their clients proceed to trial, they will need additional time to prepare because, due to the issues regarding protection of patient records and the statutory requirement to notify patients regarding their right to object to the production of the records, they have not yet received all of the discovery in the case. After the entry of the Protective Order and receipt and analysis of the encrypted hard drive, counsel for defendants will be in a better position to advise the Court of how much additional time will be needed to prepare for trial and they will file motions to continue, as appropriate.

Defendant Michael Bonds has already entered a guilty plea.

Defendant Fransesia Davis has already entered a guilty plea.

Defendant Stefan Gatt has already entered a guilty plea.

C.  The parties anticipate that a trial in this matter would take approximately four to six weeks, based upon the current indictment.

D.  Counsel for defendant Kenneth Chatman advises that the case is likely to resolve by a guilty plea.

Counsel for defendant Joaquin Mendez advises that it is too early to determine whether his case is likely to resolve by a guilty plea.

Counsel for defendant Donald Willems advises that the case is not likely to resolve by a guilty plea.

Counsel for defendant Laura Chatman advises that the case is likely to resolve by a guilty plea.

E.  There are approximately 9 video recordings and 30 audio recordings of controlled calls, meetings, interview, etc.  In addition, electronic media (including iPhones, computers, etc.) have been seized which contain hundreds of video and audio recordings.  It has not yet been determined which, if any, will be used at trial.  In addition, there are over 100 recorded jail calls of defendant Kenneth Chatman.   It has not yet been determined which, if any, will be used at trial.

F.  All recordings are in English so no need for transcripts has been identified.  Two interview transcripts have been prepared.  If the defendants, after reviewing the discovery in more detail, identify the need for any full or partial transcripts, the parties will advise the Court.

G.  There are no other matters in this case of which the Court should be aware.

### SPEEDY TRIAL ACT CALCULATION

Also pursuant to the Court's Order re Status Report, the parties hereby provide a written report setting forth the Speedy Trial Status of the case.   Pursuant to Local Rule 88.5, the parties agree that these calculations are correct:

1.      The Speedy Trial Act states that "[a] defendant's trial "shall commence within seventy days from the filing date . . . of the . . . indictment, or from the date the defendant has

appeared before a judicial officer of the court in which such charge is pending, whichever date last

occurs."   18 U.S.C. § 3161(c)(1).

    2.      The statute lists various periods of delay that are excluded from the computation of

when a trial shall commence.   18 U.S.C. § 3161(h)(1).

    3.      The Speedy Trial period on the defendants' Indictment began to run in this case on

July 31, 2017, the day after defendant Gatt made his initial appearance.  *See* 18 U.S.C. §

3161(c)(1); *United States v. Mathis*, 96 F.3d 1577, 1579 n.1 (11th Cir. 1996) (In a multiple

defendant case, the speedy trial clock begins to run when the period begins for the last

co-defendant.); *United States v. Campbell*, 706 F.2d 1138, 1140 n.1 (11th Cir. 1983) (hearing date

is excluded under § 3161(h)(1) as "delay resulting from other proceedings concerning the

defendant"); *United States v. Williams*, 314 F.3d 552, 557 (11th Cir. 2002) (the day of an initial

appearance is excludable as a "proceeding[] concerning the defendant").

    4.      The computation of the relevant time periods are as follows:

        a.    **Gross Time:**   Seventy days from the day following Gatt's initial

appearance (January 31, 2017) means that, if no excludable time had passed, the

original Speedy Trial period would end on April 11, 2017.

        b.    **Excluded Time:**[1]

> i. February 1, 2017-February 2, 2017 (2 days):  Government's Motion for Permission to Display Confidential Substance Abuse Treatment Records and Order Granting Motion (DE84, DE85).  That period is excluded time pursuant to 18 U.S.C. § 3161(h)(1)(D).  *See United States v. Dunn*, 345 F.3d 1285 (11th Cir. 2003) ("For pretrial motions that do not require hearings, [the Speedy Trial Act] excludes the time required for 'prompt disposition' of the motion.") (citation omitted).

---

[1] Delay attributable to one co-defendant is attributable to all, so long as the period of delay is reasonable.   *See* 18 U.S.C. § 3161(h)(6).

ii.  February 6, 7, and 15, 2017 (3 days):  Changes of Plea for defendants Gatt, Bonds, and Davis (DE88, DE93, DE 103).  These days are excluded pursuant to 18 U.S.C. § 3161(h)(1)(A) ("delay resulting from other proceedings concerning the defendant, including . . . delay resulting from any proceeding").

iii.  February 8-15, 2017 (7 days because Feb. 15 was already excluded above).  Defendant Davis' Motion to Modify Conditions of Release and Order Granting the Motion (DE99, DE 107).  That period is excluded time pursuant to 18 U.S.C. § 3161(h)(1)(D).  *See Dunn*, *supra*.

iv.  February 15, 2017-present (2 days because Feb. 15 was already excluded above).  Government's Unopposed Motion for Permission to Produce Records to Defense Counsel and for Protective Order (DE108).  That period is excluded time pursuant to 18 U.S.C. § 3161(h)(1)(D).

c.    **Included time:**

i.  February 3-5, 2017 (3 days).

d.    **Final date:**  Taking the aforementioned facts into consideration, the final date on which this case can be tried in compliance with the Speedy Trial Act is sixty-seven (67) days following the Court's decision on the government's Unopposed Motion for Permission to Produce Records (DE108), *i.e.*, if the Court were to grant the government's motion on today's date (February 17, 2017), the final date to begin trial would be April 25, 2017.

Counsel for all parties have reviewed this Joint Status Report and Joint Speedy Trial

Report and authorize the Assistant United States Attorney to file it on behalf of all the parties.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:      s/*A. Marie Villafaña*
A. MARIE VILLAFAÑA
Assistant United States Attorney
Florida Bar No. 0018255
500 South Australian Avenue, Suite 400
West Palm Beach, FL 33401
Telephone: 561 820-8711
Facsimile: 561 820-8777
ann.marie.c.villafana@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 17, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. According to the Court's website, counsel for all parties are able to receive notice via the CM/ECF system.

s/*A. Marie Villafaña*
A. MARIE VILLAFAÑA
Assistant United States Attorney

6