UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-80013-Cr-Middlebrooks/Brannon

UNITED STATES OF AMERICA

vs.

KENNETH CHATMAN, et al.,

   Defendants.
_____/

## PROTECTIVE ORDER

This matter came before the Court on the United States' Unopposed Motion for Permission to Produce Records to Defense Counsel Pursuant to a Protective Order. Having considered the Motion and the record in this case, and good cause having been shown therefore, the Motion is hereby GRANTED.

Accordingly, it is HEREBY ORDERED THAT:

1. The government is authorized to produce discovery to the defendants in encrypted form, that is, counsel for the defendants shall provide 1 terabyte encrypted hard drives to counsel for the government, and FBI personnel shall load the discovery onto the encrypted drives provided by defense counsel and return them. Items that are not available in electronic format shall be made available for review at the offices of the FBI. If any of those documents later become available in electronic format, they shall be loaded onto defense counsels' encrypted hard drives.

2. Defense counsel shall maintain the encrypted drives in a locked room, locked file cabinet, or other secure area when not in use.

3. No copies of the encrypted drives may be made. If documents containing patient identifying information are printed from the encrypted drive, they shall be maintained in a locked

room, locked file cabinet, or other secure area when not in use. If a party wishes to share an electronic copy of one of the documents or items on the encrypted drives containing patient identifying information, the copy must be encrypted and stored in a locked room, locked file cabinet, or other secure area when not in use. Documents and information that do not contain patient identifying information are not subject to the restrictions set forth in this paragraph.

4. Any individually identifiable medical information which is disclosed to the defendants in this proceeding shall be held in strictest confidence by defense counsel, and access to this material shall be restricted. Access to this information shall be permitted to defense counsel staff only to the extent necessary to prepare their client's defense. Such information may be further disclosed by defense counsel to their client and to expert witnesses hired by the defense who must review and agree to be bound by the terms of the Protective Order. Persons to whom any such information is disclosed on behalf of the defendant shall not further disclose or disseminate this information without further Order of the Court. Documents and information that do not contain patient identifying information are not subject to the restrictions set forth in this paragraph.

5. No individually identifiable medical information related to individuals who are not defendants or witnesses shall be entered in the record during trial, either through testimony or documents, or in motions in this proceeding, unless all practicable means of masking or redacting individual identifying information have been employed. If it is not practicable to mask individual identifiers during testimony, or to redact individual identifiers from exhibits or motions, then the party wishing to proffer such evidence will first seek approval from the Court to do so and shall file such motions and exhibits under seal.

6. At the conclusion of this proceeding, all individually identifiable medical

information which was not entered in the record at trial through testimony or exhibits, and which is unnecessary to the maintenance of the record of the proceeding, shall be destroyed. Counsel for the parties may maintain the encrypted drives through the completion of any direct appeals. After that, the encrypted drives must be electronically "wiped" and counsel for the parties must file a certification with the Court of their compliance with this process. Alternatively, counsel for the parties may return the encrypted drives to the FBI, who will dispose of them.

7. The FBI may maintain the evidence collected in the case in accordance with its 42 U.S.C. § 290dd-2 and other file retention and destruction protocols.

DONE AND ORDERED this __17__ day of February, 2017, at West Palm Beach, Florida.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

**I certify that I have read and agree to be bound by the terms of this Protective Order:**

Date: _____          _____
                               (Signature of Defendant, Defense Counsel
                               Employee/Investigator, or Expert Witness)