UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-80013CR-MIDDLEBROOKS/BRANNON

UNITED STATES OF AMERICA,
    Plaintiff,

v.

JOAQUIN MENDEZ,
    Defendant.
_____/

### UNOPPOSED MOTION FOR CONTINUANCE

    Defendant, JOAQUIN MENDEZ, by and through undersigned counsel, moves this Court for a continuance of the trial in this case, currently set for Calendar Call on March 15, 2017 at 11:00 a.m., and trial scheduled to begin on March 20, 2017 at 9:00 a.m. In support of this Motion, Defendant states:

    1.    After an exhaustive investigation by the Government and numerous investigative agencies, which included search warrants, undercover investigation, grand jury subpoenas and grand jury testimony, Defendant was indicted on January 24, 2017 and charged with conspiracy to commit health care fraud, money laundering conspiracy and money laundering.

    2.    On Information and belief, the Government investigation included hundreds of witness interviews, recorded and unrecorded undercover conversations and the collection of hundreds of thousands of documents.

    3.    The Government's investigation involved numerous governmental agencies including but not limited to the FBI, IRS, DEA, various health care agencies, cooperating State task forces, the Palm Beach County Sheriff's Office, the Florida Department of Law Enforcement, the Florida

Attorney General's Office, the Palm Beach County State Attorney's Office and others.

4. Numerous "experts" in various fields have reviewed records and have "advised" in the investigation.

5. The volume of discovery in this case is massive. Likely, is far more voluminous than in any case undersigned who has been a practicing criminal defense attorney in Florida for more than 42 years has ever seen or been confronted with.

6. A very restrictive "Protective Order" was entered by the Court on February 21, 2017. Among other things, this protective order places specific restrictions on what documents may be viewed and by whom, and under what circumstances materials can be shared by counsel with members of the defense team, staff, investigators and experts. A major side effect of the restrictions specified in the protective order is that review of discovery and preparation of a defense will take much longer than it otherwise might have.

## THE DISCOVERY

7. The Government has downloaded a part of the discovery onto an encrypted hard drive. In terms of sheer volume of material, that hard drive contains:

   a. 326 gigabytes of data made up of 236,245 files organized into 8,307 folders;

   b. At least 16,064 files which are contained in 133 folders pertain to patient data. This data is from private insurance companies, drug screening laboratories and detailed patient records stored in the KIPU data file format which was used at Reflections.

   c. There are 1,719 Reflections patient case files - - each with as many as 600 pages.

   d. There are un-redacted FBI reports (302s) of interviews with patients.

   e. 30 taped interviews produced by the FBI.

8. In terms of pages of material, it is extremely difficult to predict. At a minimum however, there are hundreds of thousands of pages of documents contained therein. There may be significantly more than that.

9. Government counsel has informed counsel that there are 225 additional "boxes" of non electronic discovery. Although not all of the "boxes" are full, counsel has advised undersigned that it would take the FBI 6 to 8 weeks just to copy these boxes for the defense to have a set. The time frame for this might be shortened somewhat if the parties can agree on a local contractor who would of course be bound by the protective order. It is not clear how much, if any, the time frame can be shortened by using the private contractor or if it is economically feasible to do so.

The only alternative to having the material within these boxes copied is for the defense lawyers to make trips to the warehouse and begin to go through the boxes one by one. This would take thousands of attorney/paralegal/investigator hours. It would also be an invasion of the attorney-client work product privileges as the defense team would have to request which documents it needed copied - thereby informing the Government of what and which documents we were interested in.

## **LOGISTICS**

10. If and when the defense manages to review the discovery, the task facing the defense will have only just began. It is almost impossible for members of the defense team to begin to understand the Government's case unless it is permitted to share/email discovery documents. Upon information and belief, the documents on the hard drive are not Bates Stamped so even referring to them by number is impossible. It is unknown at this juncture if the documents in the boxes are Bates Stamped.

11. A major part of the Government's case against Dr. Mendez concerns information in possession of the laboratories. To date, even the Government does not have all of the pertinent records from the laboratories.

12. It is certain that not only must the defense team review and absorb the information contained within the discovery, as did the Government, but that the defense must engage its experts and then find a way to overcome the logistical problems created by the massive amount of discovery, but also develop a way to share the material with experts.

## ADDITIONAL ISSUES

13. The issues dealing with the discovery are generally summarized above. This leaves issues relating to the defense case itself. These include at a minimum:

    a. the location and interviewing of witnesses.

    b. Legal issues concerning the foundation of the case itself.

    c. The actual coordination and preparation for trial of this massive case.

## LENGTH OF CONTINUANCE REQUESTED

14. Counsel has discussed with Assistant United States Attorney Marie Villafana, counsel for the Government, the reasonable length of time the Government would agree to for purposes of this Motion. The Government agrees to a six (6) month continuance. In the spirit of cooperation, the defense agrees that a six (6) month continuance should be granted. In fairness however, Defense Counsel believes that based upon the enormity of this undertaking, six (6) months will be an insufficient time within which to prepare this case for trial.

15. Undersigned expects to be out of the District for the months of June, July, and August and not available for Court.

WHEREFORE, for the reasons stated herein, Defendant requests that this Motion be granted.

Dated this 6th day of March, 2017.

                Respectfully submitted,

                **RICHARD G. LUBIN, P.A.**
                Second Floor, Flagler Plaza
                1217 South Flagler Drive
                West Palm Beach, FL  33401-6706
                Telephone:  561/655-2040
                Facsimile:   561/655-2182
                Attorneys for Defendant Mendez


By:   /s/ Richard G. Lubin
     **RICHARD G. LUBIN**
     Florida Bar Number 182249

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 6, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   /s/ Richard G. Lubin
     **RICHARD G. LUBIN**