UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-80013-CR-MIDDLEBROOKS/BRANNON

UNITED STATES OF AMERICA,

v.

DONALD WILLEMS,

       Defendant.

_____/

FILED by _____ D.C.

**MAR 1 5 2017**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## BOND REVOCATION AND DETENTION ORDER

THIS CAUSE is before the Court upon the United States' *Ex Parte* Motion for Revocation of Release Pursuant to 18 U.S.C. § 3148(b) ("Motion") [DE 120], which was filed on March 9, 2017. The Defendant, DONALD WILLEMS, appeared before the Court on March 10, 2017, for his initial appearance regarding the revocation of his pretrial release. Thereafter, the Court entered an Order of Temporary Revocation of Bond as to Defendant Donald Willems [DE 126] and continued the hearing on the Government's Motion until March 15, 2017, at the request of defense counsel. Defendant appeared before the Court on March 15, 2017, for a full bond revocation hearing.

### I.     BACKGROUND

On December 20, 2016, Defendant was charged by way of Criminal Complaint with conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349. [DE 1]. Defendant appeared before the Court on December 21, 2016, for his initial appearance and bond hearing. [DE 19]. At the joint request of the Government and Defendant, the Court ordered Defendant released upon a $100,000 corporate surety bond. *See* DEs 19, 29. The Court imposed all

1

standard conditions of bond and several special conditions of bond.  *Id.*  One standard condition of Defendant's release was that he could not commit any act in violation of state or federal laws. [DE 29, p. 1].  Two special conditions of Defendant's release were that he was required to avoid all contact with co-defendants, victims, or witnesses to the crimes charged, except through counsel, and he was not permitted to "provide services to sober homes or substance abuse treatment centers."  [DE 29, p. 2].

On January 24, 2017, Defendant was charged by way of Indictment [DE 66] with conspiracy to commit healthcare fraud in violation of 18 U.S.C. § 1349 (Count 1), money laundering conspiracy in violation of 18 U.S.C. § 1956(h) (Count 4), and money laundering in violation of 18 U.S.C. § 1956(a)(1) (Count 7).  If convicted of Count 1, Defendant faces up to 10 years in prison, up to three years of supervised release, and up to a $250,000 fine.  If convicted of Counts 4 or 7, he faces up to 20 years in prison, up to three years of supervised release, and up to $500,000 or twice the amount laundered for each count.

## II.   HEARING

At the March 15, 2017 bond revocation hearing, the Court took judicial notice of the Pretrial Services Report, the Court's prior bond order, the Indictment, and the Government's Motion.  Defendant stipulated to detention.  Upon questioning by the Court, he stated that he had had sufficient time to confer with his attorney and that he understood that the Court would grant the Government's Motion and detain Defendant in light of his stipulation and the facts of his bond violations.

The Government then proffered the following facts.  Defendant has violated three conditions of his bond.  First, he knowingly had contact with witnesses in this case who he continued to work with at Deerfield Medical Center while he was on pretrial release.  Second,

Defendant continued to provide services to patients who were residing at sober homes or receiving treatment at substance abuse treatment centers as evidenced by Defendant's own patient treatment notes and as evidenced by interviews of patients.  Third, Defendant violated federal law, 21 U.S.C. § 841(a)(1), while on bond when he prescribed controlled substances to patients and to himself using the DEA and/or DEAX numbers of other physicians without their knowledge.

Because the Government's Motion was unsworn, the Court placed FBI Special Agent William Stewart under oath and inquired from him as to whether the facts in the Government's Motion were true and correct to the best of his knowledge and belief.  Special Agent Stewart responded that they were.  Special Agent Stewart also stated that the facts stated in the Government's proffer were true and correct to the best of his knowledge and belief.

### III.    ANALYSIS

Pursuant to 18 U.S.C. § 3148, "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court."  18 U.S.C. § 3148(a).  Section 3148 further provides that the Court "shall enter an order of revocation and detention if, after a hearing, the judicial officer finds that there is…clear and convincing evidence that the person has violated any other condition of release; and finds that…the person is unlikely to abide by any condition or combination of conditions of release."  18 U.S.C. § 3148(b)(1)-(b)(2)(B); *United States v. Wingo*, 490 Fed. Appx. 189, 190-91 (11th Cir. 2012); *United States v. Molina*, 15-80222-CR-Marra/Matthewman, 2016 WL 2344577 (S.D. Fla. May 3, 2016).

Under Federal Rule of Criminal Procedure 32.1(a)(6), the defendant initially has the burden of establishing by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community.  In light of the facts adduced and Defendant's stipulation,

Defendant cannot meet that burden.  Further, after considering the proffer presented by the Government and the facts described in the Motion, the Court finds that the Government has shown by clear and convincing evidence that Defendant violated special conditions of release by having contact with witnesses to the crimes charged and by providing services to sober homes or substance abuse treatment centers.  The Court also finds that the Government has established probable cause to believe that Defendant has committed additional federal crimes, that is, felony controlled substance violations.  Finally, the Court finds that Defendant is unlikely to abide by any condition or combination of conditions of release.

Based upon Defendant's stipulation to detention, the Government's proffer, the testimony of FBI Special Agent Stewart, and the facts and argument contained in the Government's Motion, the Court hereby revokes Defendant's bond and issues an order of detention pursuant to 18 U.S.C. § 3148(b) and other applicable law.

Accordingly, **IT IS HEREBY ORDERED** that Defendant be committed to the custody of the Attorney General for confinement in a corrections facility.  Defendant is to be kept separate from his co-defendants in this case to the extent possible.  This Court also directs that Defendant be afforded reasonable opportunity for private consultation with counsel; and the Court directs that, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE and ORDERED** in Chambers at West Palm Beach in the Southern District of
Florida, this _15th_ day of March, 2017.


William Matthewman

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE