IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CR-80013-DMM

UNITED STATES OF AMERICA,

  Plaintiff,

vs.

KENNETH CHATMAN,

  Defendant.
_____/

## OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

  COMES NOW, the Defendant, KENNETH CHATMAN, by and through undersigned counsel hereby files his Objections to the Presentence Investigation Report (herein after "PSR").

  1. Mr. Chatman objects to two portions of the Indentifying Data on page 4 of the PSR. This section is not enumerated so we will specify what portions are incorrect. Under Education it purports that Mr. Chatman does not have a HS Diploma or a GED. That is incorrect. He has a high school diploma.

  Furthermore, under the portion that lists Aliases there is a line that lists an "Alias" as Chatman, Kenneth Anthony with a date of birth of 11/23/51, 11/24/51. Those birth dates belong to Mr. Chatman's father and are not an alias used by Mr. Chatman, but are merely his father's information.

  2. Mr. Chatman objects to paragraph 39 and the blanket statement that he managed all the aspects of the facility, including hiring and firing of personnel, admitting and discharging patients and making financial decisions.

3.      Mr. Chatman objects to paragraph 47.  Mrs. Davis was the only owner of Total Recovery Sober Living LLC.  Mr. Chatman paid kickbacks to Mrs. Davis for her to funnel her tenants to Reflections.  The payments referenced in paragraph 47 refer to these kickbacks.  Mr. Chatman would not have to pay these kickbacks to Ms. Davis if he was the true owner.

4.      Mr. Chatman objects to paragraph 56 and the blanket statement that he managed all the aspects of the facility, including hiring and firing of personnel, admitting and discharging patients and making financial decisions.  Mr. Chatman also objects to being listed as the true owner of Total Recovery Sober Living LLC.

5.      Mr. Chatman objects to paragraph 60 and the suggestion that he solely made the admission decisions and laboratory testing decisions.  While Mr. Chatman had a significant role in the operational day to day progress of the facility he would confer and make decisions with the assistance of his clinical director.

6.      Mr. Chatman objects to paragraph 62.  Upon being hired at Reflections Barry Gregory referred clients from sober homes for a kick back of his own.  While Mr. Chatman accepts responsibility for his actions but this paragraph suggests that Barry Gregory attempted to do the right thing with regards to the patients which is patently false.

7.      Mr. Chatman objects to paragraph 67 in that it appears to suggest that Mr. Chatman was the only one dissatisfied with the amount of money ACS was paying him.  Mr. Gatt was also intimately involved with the kickbacks and actually helped Mr. Chatman find and chose other labs that paid off better.

8.      Mr. Chatman objects to paragraph 73 as it suggests that other members of the conspiracy deposited proceeds of this scheme into their bank accounts.  As a point of clarification other than Mr. and Mrs. Chatman no one else was authorized to sign for Reflections bank accounts.

9.      Mr. Chatman objects to 76 which suggests that Mrs. Davis was a nominee owner of Total Recovery Sober Living LLC.

10.     Mr. Chatman objects to paragraph 91 with the same objection as line 6 of this document.

11.     Mr. Chatman objects to paragraph 143.  There is no legal nexus between the overdose deaths of any of the patients referenced and Mr. Chatman or Reflections.

12.     Mr. Chatman objects to paragraph 144.  There is no legal nexus between the overdose deaths of that patient and Mr. Chatman or Reflections.

13.     Mr. Chatman objects to paragraph 152.  The plea agreement provides at paragraph 7 (g) that the Government and the Defendant will jointly recommend that both parties will not seek the application of any other enhancement or reduction under the sentencing guidelines.  The four level enhancement pursuant to Section 3B1.1(a) as a leader organizer was not contemplated in the plea agreement.  It is acknowledged by the Defendant, that the above joint recommendation is not binding on the Probation Office or the Court, however the Defendant respectfully requests that this Honorable Court determine the Sentencing Guidelines in accordance with the Plea Agreement that was executed and relied upon by the parties.

Mr. Chatman also objects to the recommendation under the same paragraph with regards to the two level enhancement for obstruction under Section 3C1.1 for S.H  Mr. Chatman.

14. Mr. Chatman objects to paragraph 165 and 166 with regards to their factual accuracy.

15. Mr. Chatman objects to paragraph 178.  The plea agreement provides at paragraph 7 (g) that the Government and the Defendant will jointly recommend that both parties will not seek the application of any other enhancement or reduction under the sentencing guidelines.  The four level enhancement pursuant to Section 3B1.1(a) as a leader organizer was not contemplated in the plea agreement.  It is acknowledged by the Defendant, that the above joint recommendation is not binding on the Probation Office or the Court, however the Defendant respectfully requests that this Honorable Court determine the Sentencing Guidelines in accordance with the Plea Agreement that was executed and relied upon by the parties.

16. Mr. Chatman objects to paragraph 180 and suggests that the proper Adjusted Offense Level for Group 1 is 34.

17. Mr. Chatman objects to paragraph 183 and 184.  The plea agreement provides at paragraph 7 (g) that the Government and the Defendant will jointly recommend that both parties will not seek the application of any other enhancement or reduction under the sentencing guidelines. It is acknowledged by the Defendant, that the above joint recommendation is not binding on the Probation Office or the Court, however the Defendant respectfully requests that this Honorable Court determine the Sentencing

Guidelines in accordance with the Plea Agreement that was executed and relied upon by the parties.

18. Mr. Chatman objects to paragraph 186 and suggest that the proper Adjusted Offense Level is 34 for Group 2.

19. Mr. Chatman objects to the application of Groups Three, Four and Five in their totality. The plea agreement provides at paragraph 7 (d) that the Grouping is limited to Group 1 and Group 2. The plea agreement also states in paragraph 7 (g) that neither party will seek any further enhancement or reduction. It is acknowledged by the Defendant, that the above joint recommendation is not binding on the Probation Office or the Court, however the Defendant respectfully requests that this Honorable Court determine the Sentencing Guidelines in accordance with the Plea Agreement that was executed and relied upon by the parties.

20. Mr. Chatman objects to paragraph 205. The plea agreement provides that Combining Group 1 and Group 2 under 7 (d) provides a total offense level of 36. It is acknowledged by the Defendant, that the above joint recommendation is not binding on the Probation Office or the Court, however the Defendant respectfully requests that this Honorable Court determine the Sentencing Guidelines in accordance with the Plea Agreement that was executed and relied upon by the parties.

21. Mr. Chatman objects to paragraph 206 and 208. The plea agreement at 7 (d) states that the adjusted offense level is 36 without acceptance.

22. Mr. Chatman objects to paragraph 212. The adjusted offense level pursuant to the plea agreement is 33. It is acknowledged by the Defendant, that the above joint recommendation is not binding on the Probation Office or the Court, however the

Defendant respectfully requests that this Honorable Court determine the Sentencing Guidelines in accordance with the Plea Agreement that was executed and relied upon by the parties.

23. Mr. Chatman objects to paragraph 217. Mr. Chatman did not commit any illegal act while on supervised release. His supervised release ended on December 3, 2012. Mr. Chatman created Staying Alive on September 30, 2012. Mr. Chatman did not commit any illegal acts during this time.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed this 3rd day of May, 2017, with the Clerk of Court through CM/ECF.

Respectfully submitted,

SAAM ZANGENEH, P.A.
14 Northeast 1st Avenue, Suite 300
Miami, Florida 33132
Telephone:   (305) 441-2333
Facsimile:   (305) 908-8693
Email:       saam@zangenehlaw.com

/s/   *Saam Zangeneh*
By:   Saam Zangeneh, Esq.
      Fla. Bar No.: 526721