IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH

CASE NO. 17-CR-80013-DMM

UNITED STATES OF AMERICA,

       Plaintiff,
vs.

LAURA CHATMAN,

       Defendant.
_____/

**DEFENDANT'S WRITTEN OBJECTIONS
TO THE PRESENTENCE INVESTIGATION REPORT**

| | |
|---|---|
| Prepared for: | The Honorable Donald M. Middlebrooks<br>United States District Judge |
| Prepared by: | Christopher G. Lyons, Esq.<br>2601 South Bayshore Drive, Suite 800<br>Miami, Florida 33133 |
| Government: | Ann Marie C. Villafana, AUSA<br>500 South Australian Avenue, Suite 400<br>West Palm Beach, Florida 33401 |
| Sentencing: | May 17, 2017 at 10:00 a.m. |

Defendant, LAURA CHATMAN, ("Defendant") by and through his undersigned counsel and pursuant to Rule 32(f) of the Federal Rules of Criminal Procedure, hereby files her objections to the Presentence Investigation Report ("PSR") prepared by the probation office and as grounds therefore states the following:

**I.    INTRODUCTION**

On March 15, 2017, Defendant pled guilty to counts 2 and 3 of a 17-count indictment which charged her with False Statements Related to Health Care Matters in violation of 18



U.S.C. § 1035(a)(1) and 2. Defendant's guilty plea was pursuant to a written plea agreement with the Government. (D.E. 138). The parties agreed to jointly recommend that the Court make certain findings and conclusions related to the advisory sentencing guideline calculation. Plea Agreement ¶ 7(a)-(f). Notwithstanding these joint recommendations of the parties, the probation office has recommended additional enhancements to Defendant's offense level computation.

Defendant objects to the following specific determinations made by the probation office in the PSR: (1) recommending a two-level increase based upon the offense involving the conscious or reckless risk of death or serious bodily injury pursuant to U.S.S.G. § 2B1.1(b)(15)(A); (2) recommending a two-level increase if the defendant knew or should have known that a victim of the offense was a vulnerable victim pursuant to U.S.S.G. § 3A1.1(b); and (3) failing to recommend a mitigating role adjustment pursuant to U.S.S.G. § 3B1.2(a) and (b).

Defendant urges the Court to sustain her objections to the PSR[1] as articulated below and decline to adopt the contrary recommendations by the probation office. It is respectfully submitted that such a ruling would serve the ends of justice in this matter.

II.     **OBJECTIONS TO PSR**

    A.     **Offense Level Computation**

        1.     **Specific Offense Characteristics – Risk of Death or Serious Bodily Injury**

The probation office recommends that Defendant receive a two-level increase to her offense level as the offense involved the conscious or reckless risk of death or serious bodily injury pursuant to U.S.S.G. § 2B1.1(b)(15)(A). PSR at ¶ 171. This recommendation by the probation office is conclusory and is lacking in any specific factual basis to apply this

---

[1] The probation office identified no factors which may warrant a departure and/ or variance. PSR at ¶ 235. Defendant is separately filing a sentencing memorandum requesting a departure/variance based upon $ 3553(a) factors and the offense level substantially overstates the seriousness of the offense pursuant to U.S.S.G. § 2B1.1 comment. (n.20(C)).

enhancement to Defendant's conduct in this matter. *United States v. Lawrence*, 47 F.3d 1559 (11th Cir. 1995).

As the nominee owner of Reflections and Journey, Defendant had no contact with the patients. Decisions regarding patients' treatment plans, drug and alcohol testing and the medications dispensed to them were made by other defendants, including licensed physicians, in this indictment. Defendant had no role or knowledge regarding patient care at either treatment facility.

Additionally, it is undersigned counsel's understanding that the Government will not seek this enhancement as to Defendant.[2] Accordingly, Defendant requests the Court sustain her objection to this specific enhancement and decline to follow the recommendation of the probation office.

### 2. Victim Related Adjustment – Vulnerable Victim

The probation office recommends that Defendant receive a two-level adjustment to her offense level, stating that Defendant knew or should have known that a victim of the offense was a vulnerable victim pursuant to U.S.S.G. § 3A1.1(b). PSR at ¶ 172. The probation office's conclusory recommendation without a specific factual basis supporting this adjustment to Defendant's conduct in this offense should not be followed by the Court. *See United States v. Lawrence*, 47 F.3d 1559 (11th Cir. 1995).

Under the Commentary to U.S.S.G. § 3A1.1(b), Application Note (2), "vulnerable victim" is defined as: "a person (A) who is a victim of the offense of conviction and any conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct); and (B) who is

---

[2] Defendant's husband and co-defendant, Kenneth Chatman, agreed to this enhancement pursuant to a negotiated plea agreement with the Government.

unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct."

Defendant acknowledges that the patients who received treatment at Reflections and Journey are "vulnerable victims" based upon their physical and mental condition, to wit: drug and/or alcohol addiction. However, as stated *supra*, Defendant as the nominee owner of both treatment facilities had no contact with any patients, nor was she involved in any way in their treatment.

Additionally, it is undersigned counsel's understanding that the Government will not seek this adjustment as it relates to this defendant.[3] For the foregoing reasons, defendant requests the Court decline to adopt the recommendation of the probation office regarding this adjustment

3. **Role Assessment-Mitigating Role**

The probation office determined that Defendant should receive no role adjustment in this offense. PSR at ¶ 173. This is based in part upon the fact that Defendant was a nominee owner of Reflections and Journey, had signatory control on bank accounts, hired Barry Gregory, occasionally signed paychecks, helped with marketing, appeared at the treatment facilities during inspections and audits and wrote checks to owners of sober homes that were used to pay kickbacks. PSR at ¶'s 73 and 157.

To the extent these facts are relied upon for a role assessment analysis, Defendant objects that she hired Barry Gregory or that she ever assisted in any marketing. She also objects as it was a rarity if she signed any checks, and she did not write checks to any sober home owners and was unaware that those checks were being used to pay any kickbacks.

---

[3] Defendant's husband and co-defendant, Kenneth Chatman, has agreed to this adjustment with the Government in his plea agreement.

Defendant requests that the Court give her a two-level role reduction[4] based upon her being a minor participant in the criminal activity in this matter pursuant to U.S.S.G. § 3B1.2(b). It is undersigned counsel's understanding that the Government will oppose any mitigating role adjustment.

In determining whether to apply subsection (a) or (b), or an intermediate adjustment, the Court should consider the following non-exhaustive list of factors:

(i) the degree to which the defendant understood the scope and structure of the criminal activity;
(ii) the degree to which the defendant participated in planning or organizing the criminal activity;
(iii) the degree to which the defendant exercised decision-making authority or influence the exercise of decision-making authority;
(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and
(v) the degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. 3B1.2 comment (n. 3(C)).

Applying these factors to the instant offense, Defendant should receive a minor role adjustment. Defendant did not understand the scope and structure of the criminal activity, to wit: conspiracy to commit health care fraud; and she did not plead guilty to those counts in the indictment.[5] Defendant did not knowingly participate in that fraud. Defendant as a nominee owner had no involvement in the day-to-day operations of Reflections or Journey and all the decisions regarding personnel, patient care, chemical testing, billing, and financial matters (including payroll), were solely made by Kenneth Chatman or his chosen designees. Defendant had no discretion to exercise any decision-making authority and her role was limited to what Kenneth Chatman directed her to do.

---

[4] The probation office recommended a four-level role adjustment for defendant's husband and co-defendant, Kenneth Chatman, as he was a organizer or leader of the criminal activity. PSR at ¶ 151.
[5] Undersigned counsel understands that Defendant's relevant conduct is also a consideration in this analysis.

5



Defendant would receive insurance company checks written to Reflections and Journey from Kenneth Chatman, and he would request her to deposit them into their respective accounts at the bank that they maintained together. Defendant would receive approximately $3,000/month[6] for being the nominee owner of both treatment facilities. Defendant never participated in the payment or receiving of any kickbacks and had no contact with any laboratories or insurance companies.

Defendant is substantially less culpable than the average participant in the instant offense, and requests that the Court grant Defendant a two-level role adjustment as minor participant. Defendant's conduct is analogous to the conduct contemplated in U.S.S.G. 3B1.2 comment (n. 3(A)), where the Commission stated that "a defendant in a health care fraud scheme, whose participation in the scheme was limited to serving as a nominee owner and who received little personal gain relative to the loss amount, may receive an adjustment under this guideline."

**WHEREFORE**, the defendant requests the Court sustain her objections to the PSR and calculate a revised overall adjusted advisory guideline offense level prior to any consideration by the Court of the 18 U.S.C. § 3553(a) factors and any variance/departure.

[Intentionally left blank]

---

[6] Of course Defendant also financially benefitted from her husband's fraud in the form of houses, cars and monies for her family. Defendant, however, did not know these monies were proceeds of health care fraud. She believed her husband was running successful treatment facilities and that he was truly helping patients with chemical addiction.

        Respectfully submitted,

        **MASE TINELLI, P.A.**
        *Attorneys for Defendant*
        2601 South Bayshore Drive, Suite 800
        Miami, Florida  33133
        Telephone:  (305) 377-3770
        Facsimile:   (305) 377-0080

By: */s/ Christopher G. Lyons*
        CHRISTOPHER G. LYONS
        Florida Bar No.: 985457
        clyons@masetinelli.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 3, 2017, the foregoing has been electronically filed with the Clerk of Court and served on all parties of record through CM/ECF.

        */s/Christopher G. Lyons*
        Christopher G. Lyons, Esq.