UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-80013-CR-MIDDLEBROOKS/BRANNON

UNITED STATES OF AMERICA

v.

LAURA CHATMAN,

    Defendant.
_____/

### THE PARTIES' STIPULATION REGARDING RESTITUTION

The United States of America, by and through the undersigned Assistant United States Attorney, Defendant Laura Chatman, and counsel for the Defendant, Christopher Lyons, hereby file this Stipulation Regarding Restitution.

The parties hereby stipulate and agree that:

1. On January 24, 2017, the grand jury returned an indictment charging the defendant with conspiracy to commit health care fraud, making false statements relating to health care matters, conspiracy to commit money laundering, and money laundering (DE66).

2. On March 15, 2017, pursuant to a plea agreement, the defendant entered a guilty plea to Counts 2 and 3 of the Indictment, which charged the defendant with making false statements related to health care matters, in violation of 18 U.S.C. § 1035. The plea agreement informed the defendant that she would be required to pay restitution to the victims of her offenses and included an agreement that the defendant would make a partial payment of $50,000 towards her restitution obligation upon the entry of an order of restitution (DE138). That payment will be provided to the Clerk's Office within five (5) business days of the entry of the Amended Judgment.

3. The defendant's conviction for making false statements relating to health care matters is one for which restitution is mandatory pursuant to 18 U.S.C. § 3663A(c)(1), that is, an offense against property in which identifiable victims have suffered pecuniary loss.

| VICTIM NAME | RESTITUTION TOTAL |
|---|---:|
| Aetna Life Insurance Co. | $695,400.24 |
| AmeriHealth | $68,318.74 |
| Apex Health Solutions | $4,515.00 |
| APWU Health Plan | $15,454.62 |
| Arkansas Best Corporation Choice Benefits | $887.40 |
| Avmed Health Plans | $6,900.98 |
| Blue Cross Blue Shield | $4,219,801.93 |
| Beacon Health Options, Inc. | $17,827.80 |
| CentraState Healthcare Comm. Health Plan | $2,048.60 |
| Cigna Health & Life Insurance Co. | $967,429.75 |
| Covanta Energy Corp. (self-funded plan) | $5,802.00 |
| Group Health Incorporated | $57,276.95 |
| HCA Holdings, Inc. | $8,975.00 |
| HPHC Insurance Company | $27,392.41 |
| Humana | $119,587.71 |
| Insurance Administrator of America, Inc. | $10,332.38 |
| Inspira Health Network | $1,259.03 |
| Johns Hopkins Healthcare LLC | $3,254.03 |
| Key Benefit Administrators | $11,980.00 |
| Magellan Behavioral Health Systems, LLC | $1,242.00 |
| Magnacare | $12,555.00 |
| Optima Health | $16,699.20 |
| Public Education Health Trust | $3,007.50 |
| State of WV Public Employees Ins. Agency | $307.00 |
| Summa Insurance Co. | $5,229.00 |
| Tufts Benefit Administrators, Inc. | $75,415.80 |
| UMR | $130,711.72 |
| United Healthcare | $1,049,672.66 |
| Univera Healthcare | $202.89 |
| UPMC Health Plan | $7,730.40 |

| Value Options, now d/b/a Beacon Health Options | $214,392.07 |
|---|---|
| Warehouse Employees Union Local No. 730 Health & Welfare Trust Fund | $8,100.00 |
| **TOTAL RESTITUTION AMOUNT:** | **$7,769,709.81** |

4. If a hearing were held, the government would present evidence, by way of testimony and affidavits, proving by a preponderance of the evidence that, during the period that the defendant was involved in the charged conspiracy, the following victims suffered losses in the amounts listed below, and that those losses were reasonably foreseeable to the defendant due to her participation in the conspiracy:

5. Accordingly, the defendant's restitution obligation totals $7,769,709.81. The defendant is jointly and severally liable for this restitution with co-defendants Kenneth Chatman, Joaquin Mendez, Donald Willems, Michael Bonds, and Fransesia Davis in Case Number 17-80013-Cr-Middlebrooks, and with defendant Barry Gregory in S.D. Fla. Case No. 17-80033-Cr-Middlebrooks.

6. In light of the defendant's financial condition and the size of her restitution obligation, the defendant does not have the ability to pay interest.

7. During her period of incarceration, the defendant agrees to pay restitution as follows: (a) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant will pay 50% of wages earned toward her restitution obligation, and (b) if the defendant does not work in a UNICOR job, then the defendant will pay $30 per quarter toward her restitution obligation.

8.  Upon release from incarceration, the defendant agrees to pay restitution at the rate of 10% of monthly gross earnings, or until a different payment schedule is imposed by the Court.

SO STIPULATED, this 25 day of ~~June~~ July, 2017.

FOR THE DEFENDANT:

_____
CHRISTOPHER LYONS, ESQ.
ATTORNEY FOR THE DEFENDANT

_____
LAURA CHATMAN
DEFENDANT

FOR THE UNITED STATES:

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

By: _____
A. MARIE VILLAFAÑA
Assistant United States Attorney

4