AO 245C (Rev. 11/16)   Amended Judgment in a Criminal Case                                                                  (NOTE: Identify Changes with Asterisks (*))
                       Sheet 1

# UNITED STATES DISTRICT COURT
## Southern District of Florida

| UNITED STATES OF AMERICA | ) | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| LAURA CHATMAN | ) | Case Number: 17-80013-CR-MIDDLEBROOKS |
| | ) | USM Number: 14449-104 |
| | ) | Christopher G. Lyons |
| | ) | Defendant's Attorney |

**Date of Original Judgment:** 5/18/2017
*(Or Date of Last Amended Judgment)*

**Reason for Amendment:**
- ☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- ☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant  ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
- ☑ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
- ☑ pleaded guilty to count(s)   Two and Three
- ☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
- ☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 1035(a)(1) & 2 | False statement related to health care matter | 01/18/2014 | 2 |
| 18 U.S.C. 1035(a)(1) & 2 | False statement related to health care matter | 09/23/2016 | 3 |

The defendant is sentenced as provided in pages 2 through   8   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s) _____
- ☑ Count(s)   1, 4-11, 13-15   is ☑ are dismissed on the motion of the United States.

☐ It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

5/17/2017
Date of Imposition of Judgment

/s/ Donald M. Middlebrooks
Signature of Judge

Donald M. Middlebrooks, United States District Judge
Name and Title of Judge

7/26/17
Date

AO 245C (Rev. 11/16) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 2 of 8

DEFENDANT: **LAURA CHATMAN**
CASE NUMBER: **17-80013-CR-MIDDLEBROOKS**

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of : **THIRTY-SIX (36) MONTHS. This term consists of Thirty-Six (36) Months as to Count Two and Thirty-Six (36) Months as to Count Three, to run concurrently to Count Two.**

☑ The court makes the following recommendations to the Bureau of Prisons:

**1. The Defendant be designated to a facility in or as close to South Florida as possible.**

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　☐ at _____ ☐ a.m. ☐ p.m. on _____.

　☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☒ before 3 p.m. on  August 15, 2017  .

　☐ as notified by the United States Marshal.

　☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 11/16)   Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page 3 of 8

DEFENDANT: **LAURA CHATMAN**
CASE NUMBER: **17-80013-CR-MIDDLEBROOKS**

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of : **THREE (3) YEARS. This term consists of Three (3) Years as to each of Counts Two and Three to run concurrently.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245C (Rev. 11/16) Amended Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page 4 of 8

DEFENDANT: **LAURA CHATMAN**
CASE NUMBER: **17-80013-CR-MIDDLEBROOKS**

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____ Date _____

AO 245C (Rev. 11/16) Amended Judgment in a Criminal Case
Sheet 3D — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: **LAURA CHATMAN**
CASE NUMBER: **17-80013-CR-MIDDLEBROOKS**

Judgment—Page 5 of 8

## SPECIAL CONDITIONS OF SUPERVISION

Association Restriction -- The defendant is prohibited from associating with the coconspirators, with the exception of her husband, Kenneth Chatman, while on probation/supervised release.

Financial Disclosure Requirement -- The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

Permissible Search -- The defendant shall submit to a search of his/her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

Self-Employment Restriction -- The defendant shall obtain prior written approval from the Court before entering into any self-employment.

AO 245C (Rev. 11/16) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties
(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 6 of 8

DEFENDANT: **LAURA CHATMAN**
CASE NUMBER: **17-80013-CR-MIDDLEBROOKS**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $ 200.00 | $ 0.00 | $ 0.00 | $ 7,769,709.81* |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Aetna | $695,400.24 | $695,400.24 | |
| Amerihealth | $68,318.74 | $68,318.74 | |
| Apex Health Solutions | $4,515.00 | $4,515.00 | |
| APWU Health Plan | $15,454.62 | $15,454.62 | |
| AR Best Corp. Choice Benefits | $887.40 | $887.40 | |
| AvMed Health Plans | $6,900.98 | $6,900.98 | |
| Blue Cross Blue Shield | $4,219,801.93 | $4,219,801.93 | |
| Beacon Health Options, Inc. | $17,827.80 | $17,827.80 | |
| CentraState Healthcare | $2,048.60 | $2,048.60 | |

### CONTINUED ON NEXT PAGE

| **TOTALS** | $ 7,769,709.81 | $ 7,769,709.81 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☑ the interest requirement is waived for   ☐ fine   ☑ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

---

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 11/16)   Amended Judgment in a Criminal Case
              Sheet 5B — Criminal Monetary Penalties                                           (NOTE: Identify Changes with Asterisks (*))

Judgment — Page 7 of 8

DEFENDANT: **LAURA CHATMAN**
CASE NUMBER: **17-80013-CR-MIDDLEBROOKS**

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered* | Priority or Percentage |
|---|---|---|---|
| Cigna Health & Life Ins. Co. | $967,429.75 | $967,429.75 | |
| Covanta Energy Corp. | $5,802.00 | $5,802.00 | |
| Group Health Incorporated | $57,276.95 | $57,276.95 | |
| HCA Holdings, Inc. | $8,975.00 | $8,975.00 | |
| HPHC Insurance Company | $27,392.41 | $27,392.41 | |
| Humana | $119,587.71 | $119,587.71 | |
| Insurance Administrator of America, Inc. | $10,332.38 | $10,332.38 | |
| Inspira Health Network | $1,259.03 | $1,259.03 | |
| Johns Hopkins Healthcare LLC | $3,254.03 | $3,254.03 | |
| Key Benefit Administrators | $11,980.00 | $11,980.00 | |
| Magellan Behavioral Health Systems, LLC | $1,242.00 | $1,242.00 | |
| Magnacare | $12,555.00 | $12,555.00 | |
| Optima Health | $16,699.20 | $16,699.20 | |
| Public Education Health Trust | $3,007.50 | $3,007.50 | |
| State of WV Public Employees Ins. Agency | $307.00 | $307.00 | |
| Summa Insurance Co. | $5,229.00 | $5,229.00 | |
| Tufts Benefit Administrators, Inc. | $75,415.80 | $75,415.80 | |
| UMR | $130,711.72 | $130,711.72 | |
| United Healthcare | $1,049,672.66 | $1,049,672.66 | |
| Univera Healthcare | $202.89 | $202.89 | |
| UPMC Health Plan | $7,730.40 | $7,730.40 | |
| Value Options, now d/b/a Beacon Health Options | $214,392.07 | $214,392.07 | |
| Warehouse Employees Union Local No. 730 | $8,100.00 | $8,100.00 | |

* Findings for the total amount of losses are required by Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 11/16) Amended Judgment in a Criminal Case
Sheet 5 A — Criminal Monetary Penalties
(NOTE: Identify Changes with Asterisks (*))

Judgment—Page 8 of 8

DEFENDANT: **LAURA CHATMAN**
CASE NUMBER: **17-80013-CR-MIDDLEBROOKS**

# ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES*

It is ordered that the defendant shall pay joint and several restitution with co-defendants Kenneth Chatman, Donald Willems, Joaquin Mendez, Michael Bonds, and Fransesia Davis in Case Number 17-80013-CR-MIDDLEBROOKS, and with Barry Gregory, S.D. Fla. Case No. 17-80033-CR-MIDDLEBROOKS.

If the defendant makes a partial payment of restitution, each payee shall receive an approximately proportioned payment, unless specified otherwise. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

Immediate Partial Payment of Restitution - The defendant shall make a partial restitution payment of $50,000 within five (5) business days of the entry of this Amended Judgment.

Restitution with Imprisonment - During the period of incarceration the defendant shall pay restitution as follows: (a) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Amended Judgment in a Criminal Case; (b) if the defendant does not work in a UNICOR job, then the defendant must pay $30.00 per quarter toward the financial obligations imposed in this order.

Upon release from incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office, and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

# SCHEDULE OF PAYMENTS*

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A. Lump sum payment of $100.00 due immediately.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

The assessment/fine/restitution is payable to the CLERK, UNITED STATES COURTS, and is to be addressed to:

**U.S.CLERK'S OFFICE**
**ATTN: FINANCIAL SECTION**
**400 NORTH MIAMI AVENUE, ROOM 8N09**
**MIAMI, FLORIDA 33128-7716**

The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office, and the U.S. Attorney's Office are responsible for the enforcement of this order.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.