UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   17-80013-CR-MIDDLEBROOKS/BRANNON

UNITED STATES OF AMERICA

v.

KENNETH CHATMAN,

    Defendant.
_____/

## THE PARTIES' STIPULATION REGARDING RESTITUTION

The United States of America, by and through the undersigned Assistant United States Attorney, Defendant Kenneth Chatman, and counsel for the Defendant, Saam Zanganeh and Ronald Gainor, hereby file this Stipulation Regarding Restitution.

The parties hereby stipulate and agree that:

1. On January 24, 2017, the grand jury returned an indictment charging the defendant with conspiracy to commit health care fraud, making false statements relating to health care matters, conspiracy to commit money laundering, money laundering, conspiracy to commit sex trafficking, and maintaining a drug-involved premises (DE66).

2. On March 15, 2017, pursuant to a plea agreement, the defendant entered a guilty plea to Counts 1, 4, and 16 of the Indictment (DE133; DE134).  Count 1 charged the defendant with conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1347; all in violation of 18 U.S.C. § 1349.  The plea agreement and plea colloquy informed the defendant that he would be required to pay restitution to the victims of his offenses, and the plea agreement included an agreement that the defendant would make a partial payment towards his restitution obligation upon

the entry of an order of restitution (DE134 at ¶ 11). A payment of $50,000 will be provided to the Clerk's Office within five (5) business days of the entry of the Amended Judgment, and the defendant is making arrangements for the surrender of certain real property to the government as further partial payment of restitution.

3. The defendant's conviction for conspiracy to commit health care fraud is one for which restitution is mandatory pursuant to 18 U.S.C. § 3663A(c)(1), that is, an offense against property in which identifiable victims have suffered pecuniary loss.

4. If a hearing were held, the government would present evidence, by way of testimony and affidavits, proving by a preponderance of the evidence that, during the period that the defendant was involved in the charged conspiracy, the following victims suffered losses in the amounts listed below, and that those losses were reasonably foreseeable to the defendant due to his participation in the conspiracy:

| VICTIM NAME | RESTITUTION TOTAL |
| --- | --- |
| Aetna Life Insurance Co. | $1,227,334.57 |
| AmeriHealth | $101,325.49 |
| Apex Health Solutions | $20,180.05 |
| APWU Health Plan | $15,454.62 |
| Arkansas Best Corporation Choice Benefits | $3,525.30 |
| Avmed Health Plans | $52,805.50 |
| Blue Cross Blue Shield | $7,938,741.20 |
| Beacon Health Options, Inc. | $41,271.76 |
| CentraState Healthcare Comm. Health Plan | $2,048.60 |
| Cigna Health & Life Insurance Co. | $2,863,082.35 |
| Covanta Energy Corp. (self-funded plan) | $5,802.00 |
| Group Health Incorporated | $118,922.44 |
| HCA Holdings, Inc. | $8,975.00 |
| HPHC Insurance Company | $27,392.41 |
| Humana | $154,530.71 |
| Insurance Administrator of America, Inc. | $10,332.38 |

| VICTIM NAME | RESTITUTION TOTAL |
|---|---|
| Inspira Health Network | $1,259.03 |
| Johns Hopkins Healthcare LLC | $7,237.54 |
| Key Benefit Administrators | $11,980.00 |
| Magellan Behavioral Health Systems, LLC | $1,242.00 |
| Magnacare | $20,834.87 |
| Optima Health | $17,099.12 |
| Public Education Health Trust | $3,007.50 |
| State of WV Public Employees Ins. Agency | $55,217.48 |
| Summa Insurance Co. | $5,421.94 |
| Tufts Benefit Administrators, Inc. | $90,385.86 |
| UMR | $130,711.72 |
| United Healthcare | $3,011,967.91 |
| Univera Healthcare | $40,046.98 |
| UPMC Health Plan | $20,361.40 |
| Value Options, now d/b/a Beacon Health Options | $228,243.26 |
| Warehouse Employees Union Local No. 730 Health & Welfare Trust Fund | $8,100.00 |
| Victoria and Jerry Smith, on behalf of S.S. | $2,710.40 |
| **TOTAL RESTITUTION AMOUNT:** | **$16,247,551.39** |

5.      Accordingly, the defendant's restitution obligation totals $16,247,551.39. The defendant is jointly and severally liable for this restitution with co-defendants Joaquin Mendez, Donald Willems, Michael Bonds, Fransesia Davis, Stefan Gatt, and Laura Chatman in Case Number 17-80013-Cr-Middlebrooks, and with defendant Barry Gregory in S.D. Fla. Case No. 17-80033-Cr-Middlebrooks.

6.      In light of the defendant's financial condition and the size of his restitution obligation, the defendant does not have the ability to pay interest.

7.      During his period of incarceration, the defendant agrees to pay restitution as follows: (a) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the

defendant will pay 50% of wages earned toward his restitution obligation, and (b) if the defendant does not work in a UNICOR job, then the defendant will pay $30 per quarter toward his restitution obligation.

8. Upon release from incarceration, the defendant agrees to pay restitution at the rate of 10% of monthly gross earnings, or until a different payment schedule is imposed by the Court.

SO STIPULATED, this 9th day of August, 2017.

FOR THE DEFENDANT:

_____
SAAM ZANGANEH, ESQ.
ATTORNEY FOR THE DEFENDANT

_____
RONALD GAINOR, ESQ.
ATTORNEY FOR THE DEFENDANT

_____
KENNETH CHATMAN
DEFENDANT

FOR THE UNITED STATES:

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

By: _____
A. MARIE VILLAFAÑA
Assistant United States Attorney

4